**UNITED STATES of America,**
**Appellee,**

v.

**Gildardo GARCIA, Defendant–**
**Appellant.**

**No. 03–1465.**

United States Court of Appeals,
Second Circuit.

Aug. 23, 2004.

260

Malvina Nathanson, New York, NY, for Appellant.

Christina B. Dugger, Assistant United States Attorney (David C. James, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, NY, for Appellee, of counsel.

PRESENT: CABRANES, STRAUB and WESLEY Circuit Judges.

## SUMMARY ORDER

Defendant Gildardo Garcia appeals from a judgment of conviction, entered by the District Court on July 24, 2003, of one count of conspiracy to distribute, and possess with the intent to distribute, heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i) and 846. Defendant pleaded guilty to the charge through an agreement with the Government in which, among other things, he waived his right to appeal if he received a sentence within the range of 188 to 235 months. After making relevant sentencing determinations, the District Court sentenced defendant within the stipulated range—specifically, to 188 months.

On appeal, defendant claims that the District Court erred in failing to give all of the plea-allocution warnings required by Federal Rule of Criminal Procedure 11(b)(1),[1] contending that the alleged errors—of, among other things, failing to personally inform defendant of the nature of the charges against him, his right to a jury trial, and his right against compelled self-incrimination—require reversal of his conviction by entitling him to withdraw his guilty plea. Defendant also claims that the District Court erred in failing to hold a hearing to determine whether and to what degree defendant's initial trial attorney,

1. At the time of defendant's guilty plea, Rule 11 provided in relevant part:
(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special

parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may order the defendant to make restitution to any victim of the offense; and
(2) if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if nec-

who represented defendant during three proffer sessions, suffered from a conflict of interest that affected the voluntariness of defendant's later decision to plead guilty and accept the terms of the plea agreement offered by the Government. We find both claims unavailing.[2]

Defendant's challenge to the District Court's compliance with Rule 11 was not preserved by timely objection. Accordingly, the plain-error standard applies. Having reviewed the record and considered the arguments of the parties, we conclude that, although the District Court did not proceed in textbook fashion, there were no plain Rule 11 errors. Alternatively, we hold that defendant has failed to establish a reasonable probability that, but for the alleged Rule 11 errors, he would not have entered the guilty plea. *See United States v. Dominguez Benitez,* — U.S. —, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004) (holding, under the plain-error standard's requirement of an effect on substantial rights, that defendant "is obliged to show a reasonable probability that, but for the error, he would not have entered the plea").

We also reject defendant's other claim on appeal, in which he argues that a hearing is required to determine whether his first trial attorney suffered from a conflict of interest that affected the voluntariness of defendant's later decision to plead guilty. We have reviewed the record and the arguments of the parties, and we conclude that defendant has made an insufficient showing of any connection between the alleged conflict of interest and his purportedly involuntary plea to warrant a remand for an evidentiary hearing on that issue.[3]

CONCLUSION

The judgment of the District Court is hereby AFFIRMED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* No. 04–104, 2004 WL 1713654 (U.S. *cert. granted* Aug. 2, 2004) (mem.), and *United States v. Fanfan,* No. 04–105, 2004 WL 1713655 (U.S.

---

essary, one will be appointed to represent the defendant; and

(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination; and

(4) that if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial; and

(5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has pleaded, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement; and

(6) the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence.

FED. R.CRIM. P. 11(1999).

**2.** By letter to this Court dated July 15, 2004, defendant also raises a Sixth Amendment challenge under *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to an enhancement to his sentence based on facts found by the District Court by a preponderance of the evidence. In accordance with *United States v. Mincey,* 380 F.3d 102 (2d Cir.2004), we reject this claim.

**3.** Defendant concedes that his initial trial attorney arranged for and accompanied him to three separate proffer sessions with the Government, and he does not dispute that the Government terminated cooperation negotiations because he was less than forthright during those sessions. In light of the dramatic factual distinctions between defendant's allegations and the evidence set forth in *United States v. Williams,* 372 F.3d 96 (2d Cir.2004), we find that case to be easily distinguishable from defendant's.

*cert. granted* Aug. 2, 2004) (mem.). Should any party believe there is a special need for the District Court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*